NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000342
21-AUG-2012
08:17 AM

NO. CAAP-11-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THEODORE K. BLAKE, Plaintiff-Appellant,
v.
COUNTY OF KAUA'I PLANNING COMMISSION;
COUNTY OF KAUA'I PLANNING DEPARTMENT;
IAN COSTA in his official capacity as Planning Director;
DEPARTMENT OF LAND AND NATURAL RESOURCES;
WILLIAM J. AILA, JR.[1] in his official capacity as chair
of the Department of Land and Natural Resources;
and STACEY T.J. WONG, AS SUCCESSOR TRUSTEE OF THE
ERIC A. KNUDSEN TRUSTEE,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0069)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Theodore K. Blake (Blake) appeals
from the Final Judgment entered April 4, 2011 in the Circuit
Court of the Fifth Circuit[2] (circuit court).  The circuit court
entered judgment in favor of Defendants-Appellees County of
Kaua'i Planning Commission (Planning Commission), County of Kaua'i
Planning Department, Ian Costa, Department of Land and Natural

---

[1]  Pursuant to Hawai'i Rules of Appellate Procedure Rule 43(c)(1),
William J. Aila, Jr., the current chair of DLNR, is automatically substituted
as Appellee herein in place of former chair Laura Thielen.

[2]  The Honorable Randal G.B. Valenciano presided.

Resources (DLNR), William J. Aila, Jr. (Aila), and Eric A. Knudsen Trust (Knudsen Trust) (collectively, Defendants) and against Blake.

On appeal, Blake contends the circuit court erred in granting "Defendants [DLNR] and [Aila's] Motion for Summary Judgment as to the First Amended Complaint for Declaratory and Injunctive Relief Filed on October 7, 2010," (October 7, 2010 Motion for Summary Judgment) and dismissing the case as to all counts and all parties when the court concluded it lacked subject matter jurisdiction because the case was not ripe. Blake also contends the circuit court erred in dismissing his "First Amended Complaint for Declaratory and Injunctive Relief" (First Amended Complaint) because the dismissal effectively denied his motions for partial summary judgment, which he contends should have been granted as a matter of law.

## I.   BACKGROUND

On March 12, 2009, Blake filed a six-count "Complaint for Declaratory and Injunctive Relief" (Complaint) against Defendants regarding final subdivision approval granted by the Planning Commission to Knudsen Trust for Phase One of its "Village at Po'ipu" development. On July 7, 2009, Blake filed a Motion for Preliminary Injunction to prevent construction or land-altering activity within fifty feet of Hapa Trail and the adjacent walls. On July 27, 2009, the circuit court denied his motion. On August 20, 2009, Blake filed his First Amended Complaint, adding two counts solely against Knudsen Trust.[3]

On July 21, 2010, Blake filed two motions for partial summary judgment as to various counts in his First Amended Complaint. Defendants filed a number of cross-motions for

---

[3]   The eight counts in the First Amended Complaint are: Count 1-Breach of Public Trust; Count 2-Failure to Investigate and Protect Native Hawaiian Rights; Count 3-Violation of Hawaii Administrative Rules (HAR) Chapter 13-284; Count 4-Irreparable Injury to Historic Sites, Including Burial Sites; Count 5-Noncompliance with Objectives, Policies, and Guidelines of Hawaii Revised Statutes (HRS) § 205A; Count 6-Failure to Require a Supplemental Environmental Impact Statement for the Hapa Trail Breach;, Count 7-Public Nuisance; and Count 8-Negligence.

2

summary judgment and joinder, including the October 7, 2010 Motion for Summary Judgment. The circuit court heard all the motions on October 26, 2010 and December 7, 2010.

On February 17, 2011, the court entered its order granting the October 7, 2010 Motion for Summary Judgment. The court dismissed the remaining claims against the other defendants based on judicial economy. On April 4, 2011, the court entered Final Judgment, from which Blake timely appeals.

## II. STANDARDS OF REVIEW

### A. Summary Judgment

The appellate court reviews "the circuit court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). The Hawai'i Supreme Court has often articulated that "summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Querubin, 107 Hawai'i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai'i at 501, 100 P.3d at 71).

### B. Subject Matter Jurisdiction and Ripeness

"Subject matter jurisdiction is concerned with whether the court has the power to hear a case." Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 67, 881 P.2d 1210, 1213 (1994). Lack of subject matter jurisdiction can never be waived by a party. Public Access Shoreline Hawaii v. Hawaii Cnty. Planning Commission, 79 Hawai'i 425, 431, 903 P.2d 1246, 1252 (1995). It is appropriate at any stage of a case for a court to determine whether it has jurisdiction in a matter. Chun v. Employees' Ret. Sys. of the State of Hawai'i, 73 Haw. 9, 14, 828 P.2d 260, 263 (1992). "[R]ipeness is an issue of subject matter

jurisdiction." Kapuwai v. City & Cnty. of Honolulu, Dep't of Parks & Recreation, 121 Hawai'i 33, 39, 211 P.3d 750, 756 (2009).

## III. DISCUSSION

The circuit court did not err when it determined that it lacked subject matter jurisdiction to consider this case on its merits because the matter was not ripe for adjudication. "[T]he ripeness doctrine prevents courts from deciding theoretical or abstract questions that do not yet have a concrete impact on the parties." Rice v. Cayetano, 941 F.Supp. 1529, 1538 (D. Hawai'i 1996), rev'd on other grounds, Rice v. Cayetano, 528 U.S. 495 (2000). The Hawai'i Supreme Court has applied the federal courts' legal standard in considering whether a claim is ripe for adjudication:

> Because ripeness is peculiarly a question of timing, the court must look at the facts as they exist today in evaluating whether the controversy before us is sufficiently concrete to warrant our intervention. The ripeness inquiry has two prongs: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. The fitness element requires that the issue be primarily legal, need no further factual development, and involve a final agency action. To meet the hardship requirement, a party must show that withholding judicial review would result in direct and immediate hardship and would entail more than possible financial loss.

Office of Hawaiian Affairs v. Hous. & Cmty. Dev. Corp. of Hawai'i (HCDCH), 121 Hawai'i 324, 336, 219 P.3d 1111, 1123 (2009) (quoting Office of Hawaiian Affairs v. Hous. & Cmty. Dev. Corp. of Hawai'i, 117 Hawai'i 174, 207, 177 P.3d 884, 917 (2008), rev'd and remanded on other grounds, Hawai'i, et al. v. Office of Hawaiian Affairs, 556 U.S. 163 (2009)) (emphasis omitted).

To meet the first prong of the ripeness inquiry, the issue must "be primarily legal, need no further factual development, and involve a final agency action." OHA v. HCDCH, 121 Hawai'i at 336, 219 P.3d at 1123. Because the first prong is set out in the conjunctive, failing one portion of the prong defeats the entire prong. And where the first prong is not met, there is no need to consider the second prong as to hardship incurred from withholding judicial review.

Blake's complaint fails to meet the first prong because the matter does not involve a final agency action. On January 13, 2009, the Planning Commission granted final subdivision approval of Knudsen Trust's proposed Phase One of the subdivision "Village at Po'ipu," a development of 208 acres in the ahupua'a of Koloa on the island of Kaua'i. Phase One consisted "of approximately 20 acres located *mauka* of Po'ipu Road and . . . bordered on [the] west by Hapa [Trail] and on the south by Kiahuna Tennis Club." The plans "called for vehicular or other access across . . . Hapa Trail." According to the County, the subdivision approval did not include the grant of an easement across Hapa Trail.

Blake alleged in Count 6 of his Complaint that "Hapa Trail is an unimproved Kauai county roadway[.]" At that time, the other parties also believed Hapa Trail was owned by the County. Among Blake's allegations in his Complaint, he contended that Knudsen Trust's plan to breach the trail to allow vehicular traffic represented "a significant change in scope and use," and thus required the submission of a supplemental Environmental Impact Statement before the Planning Commission could grant subdivision approval. Blake sought an injunction to enjoin Knudsen Trust "from commencing any work on Phase One of its project until all approvals are properly authorized."

On June 18, 2009, Blake moved to amend his Complaint, in part because he discovered that Hapa Trail was owned by the State, not the County. In its February 17, 2011 order granting the October 7, 2010 Motion for Summary Judgment, the circuit court found that Hapa Trail was owned by the State. That finding is not disputed on appeal.

The Planning Commission's final subdivision approval of Phase One of the "Village at Po'ipu" as it related to access to the project by crossing Hapa Trail was based on a mistaken belief that Hapa Trail was owned by the County. Because Hapa Trail is in fact owned by the State, the County did not have the authority to give the January 13, 2009 final subdivision approval as it

related to Hapa Trail. Although the State Historic Preservation Division approved a proposal for breach of Hapa Trail and concomitant mitigation, Knudsen Trust must receive approval from the State, specifically the Board of Land and Natural Resources (BLNR),[4] for an easement across Hapa Trail before it can breach the road. BLNR had not been part of the subdivision approval process. Knudsen Trust might decide to consider other options for access to the project, or if it does make a request for access, BLNR might deny the request. As it is, Phase One of the project cannot proceed under its current approvals and is dependant on either final agency action or a modification of its current County approvals.

Therefore, Blake failed to satisfy the first prong of the ripeness test because there was not a final agency action. Failing the first prong, we need not examine the second prong. The circuit court correctly concluded that it did not have subject matter jurisdiction over this case.

The circuit court did not err when it dismissed all other claims. The court found the various claims to be inextricably intertwined and interrelated and expressed a concern that moving forward on some of the claims could result in piecemeal litigation, which the courts try to avoid in the interest of judicial economy. See, e.g., Hawaii Hous. Auth. v. Lyman, 68 Haw. 55, 78, 704 P.2d 888, 902 (1985) (trial court has discretion to weigh the potential of waste of judicial resources); Kauhane V. Acutron Co., 71 Haw. 458, 463, 795 P.2d 276, 278 (1990) (doctrine of res judicata serves to conserve judicial resources).

Finally, because the circuit court dismissed the case, it did not rule on Blake's motions for partial summary judgment and therefore, Blake's second point of error is without merit.

---

[4] The BLNR is the executive board of the DLNR, which manages, administers, and exercises control over public lands and exercises such powers of disposition thereof as may be authorized by law. HRS § 171-3. Public lands are all lands or interest therein acquired or reserved by the government. HRS § 171-2.

## IV.   CONCLUSION

The Final Judgment entered April 4, 2011 in the Circuit Court of the Fifth Circuit is hereby affirmed.

DATED:   Honolulu, Hawai'i, August 21, 2012.


On the briefs:

David Kimo Frankel
Ashley K. Obrey
Native Hawaiian Legal Corporation
for Plaintiff-Appellant.

Alfred B. Castillo, Jr.
Ian K. Jung
Mauna Kea H. Trask
Office of the County Attorney
for Defendants-Appellees County
of Kaua'i Planning Commission,
County of Kaua'i Planning
Department and Ian Costa in his
official capacity as Planning
Director.

Michael D. Tom
Joseph F. Kotowski, III
(Tom Petrus & Miller, LLLC)
for Defendant-Appellee Stacey
T.J. Wong, as Successor Trustee
of the Eric A. Knudsen Trust.

Donna H. Kalama
Linda L.W. Chow
Deputy Attorneys General
for Defendants-Appellees
Department of Land and Natural
Resources and William J. Aila,
Jr., in his official capacity as
chair of the Department of Land
and Natural Resources.

Presiding Judge

Associate Judge

Associate Judge